### D. M. Osborne & Co. v. Gaar, Scott & Co.

1. PLEADINGS—*How Construed.*—It is the duty of the court to construe the pleadings most strongly against the pleader.

Assumpsit, upon a promissory note. Error to the Circuit Court of Jasper County; the Hon. SAMUEL L. DWIGHT, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

D. M. Osborne & Co. v. Gaar, Scott & Co.

GIBSON & JOHNSON, attorneys for plaintiffs in error.

GEO. W. FITHIAN, R. J. KASSERMAN and SIDNEY B. FITHIAN, attorneys for defendants in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a declaration in assumpsit, in the Circuit Court of Jasper County, by plaintiffs in error against defendants in error. The Circuit Court sustained a demurrer to the declaration. Plaintiffs in error excepted and elected to stand by their declaration, and thereupon the court rendered judgment in favor of defendants in error for costs.

The declaration avers, in substance, that one Bohanan, being indebted to defendants in error in the sum of $550, evidenced by promissory notes bearing interest at the rate of seven per cent per annum, to secure the same, duly executed to them a chattel mortgage upon certain personal property of the value of $1,000; that thereafter and before the maturity of the indebtedness so secured to defendants in error, plaintiffs in error obtained a judgment against Bohanan for $89.40, with costs to the amount of $11.75, and to satisfy the same, levied upon and sold the property that Bohanan had mortgaged to defendants in error, plaintiffs in error being the purchasers at such sale and receiving possession of the property by virtue thereof and thereby becoming the owners of it, subject to the mortgage and rights of defendants in error thereunder; that upon the maturity of the indebtedness so secured to defendants in error they seized the mortgaged property in foreclosure, it being then of the value of $1,000, proceeded to sell the same at public sale, and at such sale became the purchasers of all of said property at a nominal price, and thereupon converted it to their own use.

It was the duty of the trial court and is the duty of this court to construe the declaration most strongly against the pleaders. At this stage of pleading and in the state of record here, no intendments or presumptions can be indulged in favor of the declaration. Plaintiffs in error do not claim to have other or greater rights than had Bohanan,

the mortgagor. The full extent of their claim is that they succeeded to his rights. Bohanan's rights were dependent upon the terms and provisions of the mortgage, and as to these the declaration is absolutely silent.

The judgment of the Circuit Court is affirmed.